UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P145-R

**BOBBY JOE MAYES**                                                                                    **PETITIONER**

**v.**

**GRAVES CIRCUIT COURT**
**DAN SHARP, APPOINTED ATTORNEY**                                        **RESPONDENTS**

## MEMORANDUM AND ORDER

Petitioner Bobby Joe Mayes initiated this action by filing a complaint on a court form.  In the portion of the form directing Petitioner to state the grounds for filing this case in federal court, Petitioner writes:

> On or about July 18, 2007 I filed a []Writ of Habeas Corpus challenging my plead agreement.  I have pleaded with the circuit court to turn over the court records regarding my hearing.  They say they have no records: I have a constitutional right to challenge what I now know to have been an unconstitutional conviction.

In the statement-of-claim portion of the complaint, Petitioner explains that he was arrested in August 1977 on charges of rape and second degree robbery.  He alleges that he "recently came up with information that the prosecution chief witness told people she lied about myself having done anything to her . . . . I am now seeking records to help proceed[] with my cause."  Petitioner additionally alleges that he knows persons who are willing to sign an affidavit that they gave Petitioner's defense counsel "notice that the 'chief witness' for the state had told them she lied."  Attached to the complaint are letters from the Graves Circuit Court Clerk's Office informing Petitioner that it has no record of Indictment No. S-677, which Petitioner is purportedly challenging.  Also attached are the state habeas petition filed in Graves Circuit Court in July 2007 and other documents filed in that state-court action.  There is no indication as to whether

the circuit court has ruled on that petition and, if so, whether any appeal has been filed. As relief, Petitioner asks the Court (1) to order the circuit court to produce his criminal records; (2) to set aside the plea and grant Petitioner a trial; and (3) if the circuit court cannot locate his criminal records, to expunge his convictions.

To the extent Petitioner asks the Court to order the circuit court to produce his criminal record, Petitioner is actually seeking mandamus relief. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." Petitioner, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him. Rather, he asks the Court to compel a *state* court and judge to act, and "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970). Additionally, Petitioner has failed to demonstrate that there is no other adequate state remedy. *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976) ("[T]he party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires."). To be sure, it appears that Petitioner has a habeas petition pending in Graves Circuit Court, and he has failed to demonstrate that the circuit court or an appellate court will not adequately address the missing record issue. Consequently, **IT IS ORDERED** that the requested mandamus relief is **DENIED**.

To the extent that Petitioner asks the Court to overturn his state-court conviction, Petitioner is actually seeking habeas relief. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The Court warns Petitioner that recharacterization of his complaint to a petition under § 2254 subjects any subsequent § 2254 petition to the stringent restrictions on "second or successive" petitions. *See* 28 U.S.C. § 2244(b)(1) & (2).[1] Therefore, the Court will not recharacterize the complaint as a § 2254 petition for writ of habeas corpus until it provides Petitioner with an opportunity to withdraw the petition or to amend it so that it contains all the claims he believes he has.

**WHEREFORE, IT IS ORDERED** that within **30 days** from entry of this Order, **Petitioner shall notify this Court in writing whether he wishes to withdraw his petition or to amend it. If Petitioner wishes to amend his petition, Petitioner must fill out a court-approved § 2254 form and return it to the Court**. The **Clerk of Court is directed to send** Petitioner a form used for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court advises the unrepresented Petitioner that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). It is not

---

[1] Under 28 U.S.C. § 2244(b),

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claims, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

clear to the Court that Petitioner has exhausted his available state court remedies or demonstrated their inadequacies. **Petitioner must, therefore, demonstrate that he has satisfied the exhaustion requirement.**

The Court further advises Petitioner that he has failed to list any grounds for challenging his conviction. A § 2254 petition must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested. . . ." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. **Petitioner must, therefore, completely fill out the § 2254 form and state every ground on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States.**

Date:

cc:     Petitioner, *pro se*
4413.005