UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**BOBBY JOE MAYES**                                                                                                   **PETITIONER**

**v.**                                                   **CIVIL ACTION NO. 5:07CV-P145-R**

**GRAVES CIRCUIT COURT**
**DAN SHARP, APPOINTED ATTORNEY**                              **RESPONDENTS**

### MEMORANDUM OPINION

      Petitioner Bobby Joe Mayes initiated this action by filing a complaint on a court form. In the portion of the form directing Petitioner to state the grounds for filing this case in federal court, Petitioner writes:

> On or about July 18, 2007 I filed a []Writ of Habeas Corpus challenging my plead agreement. I have pleaded with the circuit court to turn over the court records regarding my hearing. They say they have no records: I have a constitutional right to challenge what I now know to have been an unconstitutional conviction.

In the statement-of-claim portion of the complaint, Petitioner explains that he was arrested in August 1977 on charges of rape and second-degree robbery. He alleges that he "recently came up with information that the prosecution chief witness told people she lied about myself having done anything to her . . . . I am now seeking records to help proceed[] with my cause." Petitioner additionally alleges that he knows persons who are willing to sign an affidavit that they gave Petitioner's defense counsel "notice that the 'chief witness' for the state had told them she lied." Attached to the complaint are letters from the Graves Circuit Court Clerk's Office informing Petitioner that it has no record of Indictment No. S-677, which Petitioner is purportedly challenging. Also attached are the state habeas petition filed in Graves Circuit Court in July 2007 and other documents filed in that state-court action. There is no indication as to whether the circuit court has ruled on that petition and, if so, whether any appeal has been filed. As relief,

Petitioner asks the Court (1) to order the circuit court to produce his criminal records; (2) to set aside the plea and grant Petitioner a trial; and (3) if the circuit court cannot locate his criminal records, to expunge his convictions.

By Memorandum and Order entered January 4, 2008 (DN 5), the Court concluded that to the extent Petitioner asked the Court to order the circuit court to produce his criminal record, Petitioner was actually seeking mandamus relief. Because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties," *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970), and because Petitioner failed to demonstrate that there is no other adequate state remedy, *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976) ("[T]he party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires."), the Court denied the requested mandamus relief.

In its January 4, 2008, Memorandum and Order, the Court further concluded that to the extent Petitioner asked the Court to overturn his state-court conviction, Petitioner was actually seeking habeas relief under 28 U.S.C. § 2254(a). The Court warned Petitioner that recharacterization of his complaint to a petition under § 2254 subjects any subsequent § 2254 petition to the stringent restrictions on "second or successive" petitions. *See* 28 U.S.C. § 2244(b)(1) & (2). The Court, therefore, did not recharacterize the complaint as a § 2254 petition for writ of habeas corpus but provided Petitioner with 30 days within which to notify the Court whether he wished to withdraw or amend his petition. The Court directed Petitioner to fill out a court-approved § 2254 form if he desired to amend the complaint. The Court further advised Petitioner that he may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49

F.3d 1193 (6th Cir. 1995). The Court, therefore, directed Petitioner to demonstrate that he has satisfied the exhaustion requirement.[1] Finally, the Court directed Petitioner to state every ground on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States.

The 30-day time period has expired, and Petitioner has filed nothing with the Court. In light of Petitioner's inaction, the Court presumes that he does not wish to proceed with a 28 U.S.C. § 2254 petition for writ of habeas corpus at this time,[2] and the Court will not construe the complaint as such.

Because the Court has denied the requested mandamus relief and since Plaintiff has failed to express any intent in pursuing a § 2254 habeas action, the Court will dismiss the entire action by separate Order.

Date:




cc: Petitioner, *pro se*
4413.005

---

[1] At the time he filed the complaint, it appeared that Petitioner had a habeas petition pending in Graves Circuit Court.

[2] Should Petitioner desire to file a § 2254 petition in the future, he must demonstrate that he has satisfied the exhaustion requirement, address the timeliness issue, and state every ground on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States.

3